**THIS ORDER IS APPROVED.**



**Dated: February 10, 2011**


_____
**JAMES M. MARLAR**
**Chief Bankruptcy Judge**

1

**TIFFANY & BOSCO**
P.A.

2  **2525 EAST CAMELBACK ROAD**
**SUITE 300**

3  **PHOENIX, ARIZONA 85016**

4  **TELEPHONE: (602) 255-6000**
**FACSIMILE: (602) 255-0192**

5

6  Mark S. Bosco
State Bar No. 010167

7  Leonard J. McDonald
State Bar No. 014228

8  Attorneys for Movant

9  11-01791

10  **IN THE UNITED STATES BANKRUPTCY COURT**

11  **FOR THE DISTRICT OF ARIZONA**

12

13  IN RE:                                      No. 4:11-bk-00120-JMM

14  Linda Ann Welch-Fellner                     Chapter 13
              Debtor.

15  _____          ORDER

16  Wells Fargo Bank, N.A.
                    Movant,                      (Related to Docket #15)

17          vs.

18  Linda Ann Welch-Fellner, Debtor, Dianne C.
    Kerns, Trustee.

19

20              Respondents.

21

22          Movant's Motion for Relief from the Automatic Stay and Notice along with the form of proposed

23  Order Lifting Stay, having been duly served upon Respondents, Respondents' counsel and Trustee, if any,

24  and no objection having been received, and good cause appearing therefore,

25          IT IS HEREBY ORDERED that all stays and injunctions, including the automatic stays imposed

26

by U.S. Bankruptcy Code 362(a) are hereby vacated as to Movant with respect to that certain real property which is the subject of a Deed of Trust dated March 1, 2005 and recorded in the office of the Pima County Recorder wherein Wells Fargo Bank, N.A. is the current beneficiary and Linda Ann Welch-Fellner has an interest in, further described as:

> LOT 315, OF RANCHO DEL LAGO, ACCORDING TO THE PLAT OF RECORD IN THE OFFICE OF THE COUNTY RECORDER OF PIMA COUNTY, ARIZONA, RECORDED IN BOOK 54 OF MAPS, PAGE 96.

IT IS FURTHER ORDERED that Movant may contact the Debtor(s) by telephone or written correspondence regarding a potential Forbearance Agreement, Loan Modification, Refinance Agreement, or other Loan Workout/Loss Mitigation Agreement, and may enter into such agreement with Debtors. However, Movant may not enforce, or threaten to enforce, any personal liability against Debtors if Debtors' personal liability is discharged in this bankruptcy case.

IT IS FURTHER ORDERED that this Order shall remain in effect in any bankruptcy chapter to which the Debtor may convert.